UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ERIC SHOEMAKE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:15CV139 SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Christopher Shoemake's motion to vacate, set aside or vacate sentence under 28 U.S.C. § 2255. Shoemake seeks relief under *Johnson v. United States*, ---U.S.---, 135 S.Ct. 2551 (2015), which held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act ("ACCA") violates the Constitution's guarantee of due process.

Shoemake pled guilty to one count of attempting to manufacture methamphetamine. On July 22, 2013, the Court sentenced him to 151 months' imprisonment. He was found to be a career offender because of previous convictions for manufacturing a controlled substance and unlawful use of a weapon. He was not sentenced under the ACCA. Shoemake did not appeal from his sentence.

The holding in *Johnson* does not apply to Chapter Four career offender enhancements, and therefore, *Johnson* does not provide Shoemake with an avenue for relief.

Because *Johnson* is not available to Shoemake, the motion is time-barred. Under § 2255(f)(1), Shoemake had one year from the day the judgment became final to file a § 2255 motion. The one-year period expired on August 5, 2014. Fed. R. App. P. 4(b).

Finally, Shoemake has failed to show "that jurists of reason would find it debatable whether the petition" is time-barred. *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

An Order of Dismissal will issue separately.

Dated this 28th day of September, 2015.

                                                STEPHEN N. LIMBAUGH, JR.
                                                UNITED STATES DISTRICT JUDGE